# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ERIC CHATMAN,

          Plaintiff,

vs.

AM/PM, et al.,

          Defendants.

Case No. 2:18-cv-00451-RFB-CWH

**SCREENING ORDER AND REPORT AND RECOMMENDATION**

Pro se plaintiff Eric Chatman is a California state-prison inmate. On March 12, 2018, Mr. Chatman submitted a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1-1) and an application to proceed *in forma pauperis* (ECF No. 1). Mr. Chatman has submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, Mr. Chatman's request to proceed *in forma pauperis* will be granted.

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

1   In considering whether the complaint is sufficient to state a claim, all allegations of material
2   fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit
3   P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although
4   the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must
5   provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555
6   (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is
7   clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should
8   be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v.
9   United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Here, Mr. Chatman alleges that in 2005-06 he was harassed, kidnapped, "dressed to kill," and robbed at the AM/PM in front of Bally's Casino in Las Vegas, Nevada. (Compl. (ECF No. 1-1) at 1-2.) Mr. Chatman alleges that these incidents took place in a vehicle and that he was targeted because he was homeless. (*Id.* at 2-3.) He further alleges that he was a "handsome guy, beautiful guy" and that he was injured so badly he requires a facelift. (*Id.* at 3.) Mr. Chatman claims that the incident lasted for one hour, that he could have died, and that he will have nightmares of this incident forever. (*Id.* at 3, 5.) Mr. Chatman brings what the court understands to be tort claims for his injuries under 42 U.S.C. § 1983 against AM/PM, Bally's Casino, and Chivas Regal. (*Id.* at 2-6.) Mr. Chatman requests monetary damages in the millions. (*Id.* at 9.)

Given that 42 U.S.C. § 1983 does not contain a specific statute of limitations, federal courts borrow state statutes of limitations for personal injury actions in § 1983 suits. *Alameda Books, Inc. v. City of Los Angeles*, 631 F.3d 1031, 1041 (9th Cir. 2011) ("The statute of limitations applicable to an action pursuant to 42 U.S.C. § 1983 is the personal injury statute of limitations of the state in which the cause of action arose.") The Nevada limitations period applicable in this case is two years. *See Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989) (per curiam) (citing Nev. Rev. Stat. 11.190(4)).

Mr. Chatman's complaint was filed on March 12, 2018. Applying Nevada's two-year limitations period, any acts that occurred more than two years before that date are time-barred. Given that these incidents described in this complaint occurred in 2005-06, which is outside of the

two-year limitations period, the court will recommend dismissal with prejudice of Mr. Chatman's claims.

IT IS THEREFORE ORDERED that plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS RECOMMENDED that plaintiff's complaint (ECF No. 1-1) be DISMISSED WITH PREJUDICE as time-barred.

IT IS FURTHER RECOMMENDED that plaintiff's motion for appointment of counsel (ECF No. 5) be DENIED as moot.

**NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: May 25, 2018

**C.W. Hoffman, Jr.**
**United States Magistrate Judge**